UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **KELLY HODGE,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**ENHANCED RECOVERY COMPANY, LLC;** and **DOES 1 through 10, inclusive,**<br><br>　　　　Defendants. | **Civil Action No.** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.　INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Kelly Hodge (hereinafter "Plaintiff"), an individual consumer, against Defendant, Enhanced Recovery Company, LLC (hereinafter "Defendant"), for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.　JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

### III.  PARTIES

3. Plaintiff, Kelly Hodge, is a natural person with a permanent residence in Holly Lake Ranch, Wood County, Texas 75765.

4. Upon information and belief, the Defendant, Enhanced Recovery Company, LLC is a limited liability company engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.  FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at her place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times and with such frequency as to harass and abuse the Plaintiff.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, frequently and continuously calls Plaintiff's home telephone number, 903-769-4936, from telephone number 800-459-3186 up to seven (7) times per day.

10. Defendant calls and hangs up before Plaintiff or voicemail can answer.

11. Defendant failed to meaningfully disclose its identity.

12. Defendant failed to identify itself as a debt collector in subsequent communications.

13. Defendant engaged in false and deceptive means by failing to meaningfully disclose its identity.

14. Defendant engaged in false and deceptive means by failing to identify itself as a debt collector in subsequent communications.

15. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

16. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

17. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## *V.    FIRST CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

   (c) Defendant violated *§1692d(6)* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

   (d) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kelly Hodge, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## *VI. SECOND CLAIM FOR RELIEF*

19. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

21. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

> (a) Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

22. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the TDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Enhanced Recovery Company, LLC, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and TDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

DATED: April 16, 2013                             RESPECTFULLY SUBMITTED,

By: /s/ Kimberly A. Lucas
Kimberly A. Lucas, Esq.
State Bar No. 14991480
Kyle Mathis & Lucas, LLP
8226 Douglas, Ste. 450
Dallas, TX 75225
klucas@kylemathis.com
T: 214-706-7607
F: 214-706-7622
Attorney for Plaintiff,
KELLY HODGE

### *DEMAND FOR JURY TRIAL*

PLEASE TAKE NOTICE that Plaintiff Kelly Hodge demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.